UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| E. ARMATA, INC. | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 1:08-cv-02877-GEL |
| | : | |
| YOO DELIVERY SERVICE, INC., t/a | : | **FIRST AMENDED** |
| YOO PRODUCE | : | **COMPLAINT** |
| | : | |
| and | : | |
| | : | |
| SUN YOL YOO | : | |
| | : | |
| Defendants | : | |

E. Armata, Inc. (hereinafter referred to as "plaintiff"), for its First Amended Complaint against defendants, alleges:

<u>JURISDICTION AND VENUE</u>

1.    Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5), (hereafter "the PACA") and 28 U.S.C. §1331.

2.    Venue in this District is based on 28 U.S.C. §1391 in that (a) plaintiff's claims arose in this District and (b) defendants' principal place of business is in this District.

<u>PARTIES</u>

3.    Plaintiff is a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce.  At all times pertinent herein, plaintiff was licensed as a dealer under the provisions of PACA.

4.    a.    Defendant, Yoo Delivery Service, Inc., t/a Yoo Produce ("Yoo Produce"), upon information and belief is a New York corporation with a principal place of business in Bronx, New York, and was at all times pertinent herein, a purchaser of wholesale

quantities of produce subject to the provisions of the PACA and licensed thereunder as a dealer.

b.    Defendant, Sun Yol Yoo, upon information and belief, is and was an officer and director of Yoo Produce or otherwise in a position of control over the PACA trust assets belonging to plaintiff during the period of time in question.

<u>GENERAL ALLEGATIONS</u>

5.    This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

6.    Between June 8, 2006 and June 14, 2006, plaintiff sold and delivered to defendants, in interstate commerce, $36,232.00 worth of wholesale quantities of produce of which $19,232.00 remains past due.

7.    Defendants have failed to pay for the produce when payment was due, despite repeated demands, and presently owe plaintiff $19,232.00.

8.    At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

9.    Plaintiff preserved its interest in the PACA trust in the amount of $19,232.00 and remains a beneficiary until full payment is made for the produce.  Copies of the invoices from plaintiff to defendant containing the language required by 7 U.S.C. §499e(c)(4) are attached hereto as Exhibit 1.

10.    Defendants have not disputed the debt in any way and have repeatedly promised to pay but have not done so.

11.    Defendants' failure and refusal to pay show that defendants are failing to maintain sufficient assets in the statutory trust are dissipating trust assets.

## Count 1
### (Failure to Pay Trust Funds)

12.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13.    The failure of defendants to make payment to plaintiff of trust funds in the amount of $19,232.00 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

## Count 2
### (Failure to Pay For Goods Sold)

14.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15.    Defendants failed and refused to pay plaintiff $19,232.00 owed to plaintiff for produce received by defendants from plaintiff.

## Count 3
### (Unlawful Dissipation of Trust Assets by
### a Corporate Officer – Sun Yol Yoo)

16.    Plaintiff incorporates each and every allegation set forth in paragraph 1 to 15 above as if fully set forth herein.

17.    Defendant, Sun Yol Yoo, was an officer and director of Yoo Produce during the period of time in question who was in a position to control the PACA trust assets belonging to plaintiff.

18.    Defendant Sun Yol Yoo failed to direct the corporation to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce it supplied.

19.    Defendant Sun Yol Yoo's failure to direct the corporation to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

20.    As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

Count 4
(Interest and Attorney's Fees)

21.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22.    PACA and plaintiff's invoices entitle plaintiff to recover interest and attorney's fees in the event defendants violated their obligation under PACA by failing to pay promptly for the produce supplied by plaintiff.

23.    As a result of defendants' failure to make full payment promptly of $19,232.00, plaintiff has been required to pay attorney's fees and costs in order to bring this action to require defendants to comply with their statutory duties.

WHEREFORE, plaintiff requests the following relief:

1)    An order enforcing payment from the trust by requiring immediate payment of $19,232.00 to plaintiff;

2)    Judgment against each of the defendants, jointly and severally, in the amount of $19,232.00;

3)    Judgment against each of the defendants, jointly and severally, for prejudgment interest at the contractual rate of 1.5% per month, costs and attorneys fees.

Dated this 1st day of April, 2008.

Respectfully submitted

LAW OFFICES OF BRUCE LEVINSON

By:    /s/ Bruce Levinson
Bruce Levinson (BL0749)
747 Third Avenue, 4th Floor
New York, New York 10017-2803
(212) 750-9898

Attorney for Plaintiff